1
2
3
4
5
6
7

JS-6

8        UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA

10

11   CHRISTIAN MEDICAL AND            Case No. 5:22-cv-00335-FLA (GJSx)
     DENTAL ASSOCIATION, et al.,
12                                    **FINAL JUDGMENT ENTERING**
                     Plaintiffs,      **PERMANENT INJUNCTION,**
13                                    **AWARDING ATTORNEY'S FEES,**
           v.                         **AND DISMISSING ACTION [DKT.**
14                                    **125]**
15   ROB BONTA, et al.,
16                   Defendants.
17

18

19      It is hereby ORDERED that Defendants Rob Bonta, in his official capacity as

20   Attorney General of the State of California; Tomás J. Aragón, M.D., DR. P.H., in his

21   official capacity as the Director of the California Department of Public Health and as

22   the State Public Health Officer; and Kristina D. Lawson, J.D., Randy W. Hawkins,

23   M.D., Laurie Rose Lubiano, J.D., Ryan Brooks, Michelle Bholat, M.D., Veling Tsai,

24   M.D., James M. Healzer, M.D., Asif Mahmood, M.D., David Ryu, Richard E. Thorp,

25   M.D., Eserick Watkins, and Nicole Jeong, J.D., in their official capacities as members

26   of the Medical Board of California, all State officers, agents, employees, and all other

27   persons in active concert or participation with Defendants, are hereby permanently

28   enjoined from enforcing any criminal or civil punishment, including professional

discipline or licensing sanction for a California-licensed physician's refusal or failure to:

(1)    Document a patient's request for medical aid-in-dying, as permitted by the EOLOA, in the patient's medical record, as required by Cal. Health & Safety Code § 443.14(e)(2);

(2)    Provide information to a patient about aid-in-dying, other than the fact that the physician does not provide aid-in-dying services under the EOLOA, when a patient requests aid-in-dying; or

(3)    Refer a patient to another physician when the patient seeks such referral for the purpose of obtaining aid-in-dying services.

This Order does not prohibit the State, including Defendants, and each of them, from enforcing other affirmative requirements in the EOLOA, including, but not limited to, the requirements in Cal. Health & Safety Code § 443.14(e)(2) that a health care provider who is unable or unwilling to participate in the EOLOA inform a patient requesting aid-in-dying services that they do not participate in the EOLOA and transfer a patient's relevant medical record upon request.

It is further ORDERED that Defendants post a copy of this Order on the Medical Board of California's website.  The Order shall remain posted on the website during the time Cal. Health & Safety Code § 443.14(e)(2) is operative.  Defendants shall also revise language on any State-operated website, as necessary, for consistency with this Order.

It is further ORDERED that Plaintiffs should be and hereby are declared prevailing parties for purposes of 42 U.S.C. § 1988; Defendants shall pay Plaintiffs the sum of $300,000 for Plaintiffs' reasonable attorney's fees and costs necessarily incurred in this case.  The state agencies associated with Defendants (the California Attorney General's Office, the California Department of Public Health, and the Medical Board of California) shall each pay one-third ($100,000) of said amount.

Pursuant to 28 U.S.C. § 1961, post-judgment interest shall begin to accrue 120 days from the date this Court signs this Order.

It is ORDERED that this action is dismissed with prejudice.  All dates and deadlines governing this action are VACATED.  All outstanding Motions (Dkt. 64, 70, 71) are DENIED as moot.  It is further ORDERED that this Court shall retain jurisdiction over this action for the limited purposes of implementing and enforcing the final judgment.

IT IS SO ORDERED.

Dated: May 17, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge